## Case No. 10,816.

### In re PATTERSON.

[1 Ben. 544; [1] 1 N. B. R. 152; Bankr. Reg. Supp. 33; 6 Int. Rev. Rec. 166.]

District Court, S. D. New York. Nov. 2, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT—GAMING.

A bankrupt under examination, in October, 1867, in proceedings commenced in June, 1867, having stated what amount of property he had a year before that time, was asked "Have you lost any part of it in gaming?" *Held*, that the question, being broad enough to cover the time subsequent to the commencement of his proceedings in bankruptcy, was improper, as calling on him for an answer which might subject him to punishment for a criminal offence, under section 44 of the bankruptcy act [of 1867 (14 Stat. 539)].

[In this case the register certifies the following question: Under an order of examination had in the case, the bankrupt [Charles G. Patterson] was present before the register on the 30th day of October, and was being examined by Mr. Robert D. Benedict, attorney for Tupper & Beattie, creditors. The following questions were asked and answered as follows by the bankrupt: "Question 126. How much property had you a year ago? Answer. I probably had what cost me $100,000, in real and personal prop-

[2] [From 1 N. B. R. 150.]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

erty, subject, perhaps, to liens of various kinds, to half that amount. Question 127. Have you lost any part of that in gaming? (Objected to by the bankrupt as incompetent and irrelevant.)" The register overruled the objection and allowed the question, and thereupon the bankrupt, under instruction of counsel, refuses to answer until ordered so to do by the court; and the question and matter is referred to his honor the judge, under the provisions of section 7 of the bankrupt act. The register further certifies that proceedings in this matter were commenced on the 25th of June, 1867, and that adjudication of bankruptcy was made after the schedules were amended by the petitioner on the 12th day of September following.] 2

By JAMES F. DWIGHT, Register:

[I think that the bankrupt is compellable to answer the question which he has refused,—No. 127. The law, in section 26, gives to creditors the fullest rights in the examination of bankrupts, using the words "upon all matters relating to the disposal or condition of his property," and "to all other matters concerning his property and estate and the due settlement thereof according to law." Section 29 says that "no discharge shall be granted, or if granted shall be valid, if the bankrupt * * * has made any fraudulent gift * * * of any part of his property, or has lost any part thereof in gaming." Section 44, in addition, provides for the punishment of the bankrupt, who after the commencement of proceedings shall spend any part of his property in gaming.

[It seems to me that these creditors have a double interest in this question, and a double right. Firstly, the interest and right to know if any of the bankrupt's property, which otherwise might go towards the liquidation of their claims, has been wasted or squandered by him, perhaps in some manner which would give the assignee the right to recover it back, thereby swelling the assets; and, secondly, of opposing the discharge of the bankrupt, and of punishing him if he has rendered himself liable under the 44th section. I do not see how the "due settlement according to law" of the bankrupt's estate can be made unless all the facts concerning it are made patent.

[Which statement of facts and opinions are respectfully certified and submitted to his honor the judge, for his decision and action.] 2

BLATCHFORD, District Judge. The question, so far as it called on the bankrupt to answer as to whether he had, since the commencement of the proceedings in bankruptcy, lost in gaming any portion of his estate, was objectionable, as calling on him for an answer which might subject him to punishment for a criminal offence, under section 44 of the bankruptcy act. The question was

broad enough to cover the time subsequent to the commencement of the proceedings in bankruptcy, and was, therefore, improper.

[NOTE. After the rendering of this decision the question was asked the bankrupt so as to exclude any gambling done since the commencement of the bankruptcy proceedings. See Case No. 10,820.]

[For collateral proceedings in this litigation, see note to Case No. 10,814.]